UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DON HALL, DANA HALL, JIM KEYES, representing WHOLESALE MOTORS,<br><br>Plaintiff,<br><br>vs.<br><br>C. CHILDERS, et al,<br><br>Defendants. | Case No.2:16-cv-00106-REB<br><br>**REPORT AND RECOMMENDATION AND ORDER STAYING CASE** |

This case involves claims for violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as various state law claims. Pending before the Court are two motions. First, a Motion for Alternative Service (Dkt. 4), filed by Plaintiffs Wholesale Motors, Don Hall, Dana Hall and Jim Keyes. Second, a Motion to Dismiss, (Dkt. 14) in which Defendants C. Childers, Dave Marshall, Scot Haug, the Post Falls Police Department and the City of Post Falls ("the City Defendants") seek dismissal of all claims against them pursuant to Rules 12(b)(1), (5) and (6) of the Federal Rules of Civil Procedure. This case was referred to the undersigned United States Magistrate Judge to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court now enters the following Report and Recommendation.

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 1**

## BACKGROUND

The primary allegations of Plaintiff, drawn directly from the Complaint (Dkt. 1), are summarized here.

Trace Hall lived with her boyfriend, Dusty Thomas, in Post Falls Idaho. Though not a plaintiff herself, Trace Hall is the daughter of Plaintiff Don Hall and owned the residence at which she and Dusty Thomas lived.

Dusty Thomas owned motor vehicles and other machinery that was located on Trace Hall's property. Most of the property was purchased on credit from Plaintiff Wholesale Motors, and was subject to liens.

Dusty Thomas became ill with cancer and was hospitalized on January 15, 2015. During this hospital stay, Wholesale Motors notified Mr. Thomas that his account with Wholesale Motors was in arrears, and that it would be repossessing the vehicles that Mr. Thomas had purchased from Wholesale Motors. However, due to Mr. Thomas's illness, Wholesale Motors elected to wait to proceed with the physical relocation of the vehicles.

While Dusty Thomas was still in the hospital, his brother Benjamin Thomas went to Trace Hall's residence and removed some personal property belonging to Dusty Thomas. These included a tire changing machine that is alleged to have belonged to Wholesale Motors, and certain vehicle titles.

Dusty Thomas died on April 12, 2015.

On April 13, 2015 Trace Hall contacted the Post Falls Police Department to report the theft of various items from her home, including the property mentioned above as well

as several firearms that were missing. The Post Falls Police Department declined to investigate, as it considered the matter to be a civil dispute.

That same afternoon, two of Dusty Thomas's relatives (Melissa Gillespie and Benjamin Thomas) came to Trace Hall's home with a police officer, Defendant C. Childers. Officer Childers had no warrant, but because Ms. Hall was intimidated by his presence she allowed him to enter her property along with Mr. Thomas and Ms. Gillespie. While on the premises, Mr. Thomas and Ms. Gillespie said that they had the right as heirs of Dusty Thomas to remove any remaining personal property from the premises, including several motor vehicles which were subject to liens on behalf of Wholesale Motors.[1] Because neither Mr. Thomas nor Ms. Gillespie were authorized representatives of Dusty Thomas's estate, the Complaint alleges that Officer Childers should have known that they had no legal authority to trespass or remove any property. However, Officer Childers helped effectuate the removal of property by Mr. Thomas and Ms. Gillespie by his intimidating presence and by his demand that Trace Hall hand over the keys to the motor vehicles.

The Complaint alleges that as Dusty Thomas's brother, Benjamin Thomas had no status as an heir, but is silent as to Ms. Gillespie's status as heir or any other relation to Dusty Thomas.

---

[1] Although the Complaint makes occasional reference to vehicles "owned by" Wholesale Motors, it is clear from the context of the Complaint that Dusty Thomas was the legal owner of the vehicles and that Wholesale Motors merely had a lien or liens on them.

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 3**

After this incident, a member of the Hall Family contacted the Post Falls Police Department and spoke to Sergeant Dave Marshall, also a named defendant in this case. Sergeant Marshall said he fully supported the actions of Officer Childers in giving Thomas and Gillespie permission to remove the vehicles, and said that this was done under his orders.

Subsequently, plaintiffs sought and obtained return of the motor vehicles through the state probate court. They incurred attorney fees during this process and the vehicles were in a state of disrepair when returned, which diminished their value as collateral.

The City Defendants contend that Plaintiffs have failed to state a claim upon which relief may be granted. They also argue that both the individual Plaintiffs and Wholesale Motors lack standing to bring a claim, and challenge the sufficiency of service of process. Finally, the City Defendants argue that allowing Wholesale Motors to proceed on its own behalf, without an attorney to represent it, would be a violation of Local Rule 83.4(d).

## DISCUSSION

### A.    Legal Standard

To survive summary dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In any case, and more so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their pleadings to remedy any deficiencies that were identified during a motion to dismiss. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("…in the normal course district courts should freely

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 4**

grant leave to amend when a viable case may be presented."); *see also Lopez v. Smith*, 203 F.3d 1122, 1128-30 (9th Cir. 2000).

B.   **Pro Se Representation**

The Court first takes up the question of whether Wholesale Motors may properly proceed as a pro se litigant. Local Civil Rule 83.4(d) provides:

> **Appearance by Entities Other Than an Individual.**
> Whenever an entity other than an individual desires or is required to make an appearance in this Court, the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules.

Dist. Idaho Loc. Civ. R. 83.4. This rule codifies a long-standing practice in federal courts. *See, e.g., Rowland v. California Men's Colony,* 113 S.Ct. 716 (1993) (noting that the privilege of self-representation has never applied to entities like corporations, partnerships, and other associations); *Simon v. Hartford Life, Inc.* 546 F.3d 661, 664 (9th Cir. 2008) (it is "well-established that the privilege to represent oneself pro se . . . is personal to the litigant and does not extend to other party or entities"). *See also, In re America West Airlines,* 40 F.3d 1058 (1994); *Breinholt v. Popular Warehouse Lender,* 2011 WL 722265 (D. Idaho 2011).[2] The logic behind this rule is simple – because

---

[2] Based on their review of business entity filings with the Washington Secretary of State, Defendants appear to have assumed that the Plaintiff is a limited liability company named Wholesale Motors LLC. However, it appears instead that the Plaintiff is Wholesale Motors, a partnership that is an entirely different entity than Wholesale Motors LLC. However, whether the named plaintiff is a partnership or a limited liability company ultimately makes no difference as to the prohibition against pro se representation of such an entity under Rule 83.4(d). *See, e.g. Licht v America West Airlines, 40 F.3d 1058, 1059*

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 5**

partnerships, corporations, and other business entities are not individuals, it is impossible for them to literally represent themselves. Nor is it any less problematic to have one or more of the individual partners represent such an entity – by law, and as further discussed below, a partnership is a legal entity separate and apart from its owners. RCW 25.05.050 & 25.05.060. Accordingly, the Court will stay this matter for twenty-one days, during which time Wholesale Motors may seek the assistance of an attorney licensed to appear before the Idaho federal courts. If such an appearance is not entered within such time frame, the case should be dismissed.

C. **Standing**

The Court next considers the question of standing, which is the question of whether a party has a right to bring a particular claim against another party. Standing is a jurisdictional requirement that precedes analysis of the merits. *Krottner v. Starbucks Corp., 628 F.3d 1139, 1141 (9th Cir. 2010).* A plaintiff must establish (1) a legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress. *Schmier v. U.S. Court of Appeals for the Ninth Cir.,* 279 F.3d 817, 821 (9th Cir. 2002). "Injury in fact," as required for federal court standing, is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or "hypothetical," where "particularized" means simply that the injury must affect the plaintiff in a personal and individual way. U.S. Const. Art. 3, §

---

*(9th Cir. 1994).*

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 6**

2, cl. 1. The plaintiff bears the burden of establishing standing at each and every stage of the litigation, *Krottner,* 628 F.3d at 1141, and is required to establish "standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Elec. Comm'n.,* 554 U.S. 724, 734 (2008).

1. **Individual Defendants**

As to the individual Plaintiffs (Don Hall, Dana Hall, and Jim Keyes) Defendants' standing arguments are persuasive. The Complaint indicates that these Defendants seek to plead the alleged injuries to Wholesale Motors as their own injuries. However, under Washington's Uniform Partnership Act, a partnership is an entity distinct from its partners. RCW 25.05.050. Property acquired by a partnership is property of the partnership and not of the partners individually. RCW 25.05.060. For these reasons, whatever property interest Wholesale Motors maintained in the vehicles that were seized, this was not the property interest of any of the individual Plaintiffs. Therefore, none of the individual Plaintiffs has suffered a particularized injury, and so to the extent that the claims are pled on their own behalf, they should be dismissed.

Defendants also assert that Wholesale Motors as a stand-alone entity lacks standing. The argument here is that Wholesale Motors' status was that of a lien-holder and that it lacked an actual ownership interest in the vehicles at issue. Defendants' argument is misplaced. The law of standing does not require an actual "ownership interest" in the property that is the subject of the deprivation; rather, standing requires an actual injury that is concrete and particularized as opposed to conjectural or hypothetical.

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 7**

A property interest may be much broader or more inchoate than an outright ownership interest, and the procedural due process protections of the Fifth and Fourteenth Amendments apply whenever a constitutionally protected liberty or property interest is at stake. *See, e.g. Board of Regents v. Roth,* 408 U.S. 564, 569, 577 (1972).

It is true that the person making the claim of a deprivation of a property interest "clearly must have more than an abstract need or desire for it. . . . [The person] must, instead, have a legitimate claim of entitlement to it. . . . Property interests, of course, are not created by the Constitution. Rather[,] they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id. See also, Tellis v. Godinez,* 5 F.3d 1314, 1316 (9th Cir. 1993).

Following these general principles, courts have held that a security interest is a property interest protected by the Fifth and Fourteenth Amendments. *Ford Motor Credit Co. v. NYC Police Dept.* 503 F.3d 186 (2nd Cir. 2007) (security interest is "indisputably" a protected property interest and involves two separate but related interests, one in the contract and one in the value of the collateral); *Verba v. Ohio Cas. Ins. Co.,* 851 F.2d 811, 815 (6th Cir. 1988) (perfected judgment lien is a constitutionally protected property interest). *DCFS USA LLC v. District of Columbia,* 803 F.Supp.2d 29 (August 2011) (vehicle lien is a constitutionally protected property interest).The United States Supreme Court has also held that a mortgagee of real, as opposed to personal, property, has an

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 8**

interest that requires the government to give notice of any action that may affect the mortgagee's rights in that property. *Mennonite Board of Missions v. Adams,* 462 U.S. 791 (1983).

Accordingly, the Court recommends that the District Court deny the Motion to Dismiss Wholesale Motors, to the extent that motion is based upon an alleged lack of standing.

### D. Service of Process

Next, Defendants argue that the case should be dismissed pursuant to Rule 12(b)(5). Defendants contend that Plaintiffs did not accomplish proper service of process on the City Defendants. Relatedly, Defendants argue that the case should be dismissed because Plaintiffs did not file a bond prior to filing the lawsuit, a requirement set forth in Idaho Code § 6-610.

Bringing a claim under federal civil rights statutes in this court does not trigger the bond requirements set forth in I.C. § 6-610. *See, e.g., Ayala v. U.S.,* 2010 WL 299153 (D. Idaho 2010) (stating that "there is no bond requirement for actions under 42 U.S.C. § 1983); *Stack v. Shoshone County,* 2009 WL 2169885 (D. Idaho 2009). See also, *Hyde v. Fisher,* 143 Idaho 782 (holding that the bond requirement as a condition precedent to filing lawsuit that seeks to vindicate federal rights is preempted by federal law); *Urrizaga v. Twin Falls County,* 106 Fed. Appx. 546 n. 2 (9th Cir. 2004) (noting that bond requirements would not apply to federal civil rights claims). See also, *Timothy v. Oneida County,* 2014 WL 4384348 (D. Idaho 2014) (dismissing state law claims but not federal

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 9**

ones).

In support of their argument that Plaintiffs needed to post a bond, Defendants rely primarily on a recent order from Judge Winmill in another civil rights lawsuit. *See Bales v. Ada County,* 2016 WL 1275595 (Idaho 2016), *Case No. 1:15-cv-0009-BLW,* at Dkt. 36. While Judge Winmill's order appears on its face to apply the bond requirement to civil rights claims, a review of the docket in the *Bales* case clarifies that this is not what actually happened. In fact, after Judge Winmill issued his order, the parties in the *Bales* action agreed to dismiss all state law claims, and thereafter proceeded to litigate the remaining federal civil rights claims, despite the fact that the plaintiff never posted a bond related to those claims. *See Case No. 1:15-cv-0009-BLW,* Dkt. 37. In other words, despite the broad language in Judge Winmill's order, both the parties and the Court in *Bales* were proceeding on the assumption that no such bond was required for civil rights claims. Therefore, to the extent that the decision in *Bales* shed any doubt on an issue that had otherwise long since been settled, the subsequent history of the *Bales* case removes that doubt.

For these reasons, the Court recommends that the District Court deny Defendants' Motion as premised upon an argument that service was improper under Rule 12(b)(5). While service has not been effected on the City Defendants yet, that failure is not due to any dilatory conduct on the part of Plaintiffs. Plaintiffs attempted to serve the Complaint in the spring of 2016 but were told that they needed to make a monetary payment before Defendants would accept service, and thereafter filed their motion (Dkt. 4) requesting

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 10**

Court assistance with alternate means of service. (*See also,* Affidavit of Jim Keyes, Dkt. 5). Defendants have offered no explanation for why the case should be dismissed under Rule 12(b)(5), other than to cite the bond requirement of I.C. § 6-601 and to point out that service had not yet been achieved. For all these reasons, the undersigned recommends that the District Court deny the City Defendants' motion to the extent that it seeks to dismiss the case due to improper service of process and/or failure to post a bond.

**E.     Whether the Complaint States a Claim Under Rule 12(b)(6).**

Having addressed the threshold issues related to standing and the efficacy of service, the Court now considers Defendants' argument that the Complaint fails to state a claim upon relief may be granted. Under Rule 8, a complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficiently plausible "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Pro se pleadings must be liberally construed, particularly where civil rights claims are involved. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). Plaintiffs allege that the Defendants violated their Fourth, Fifth, and Fourteenth Amendment Rights.

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 11**

1. **Fourteenth Amendment Claim Against Officer Childers and Officer Marshall.**

Of Plaintiff's claims, only the claim for a violation of Plaintiff's procedural due process rights under the Fourteenth Amendment is viable. A Fourteenth Amendment Due Process claim involves two primary issues: first, whether the plaintiff has a protected interest in life, liberty or property with which the state has interfered, and second, "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Department of Correction v. Thompson*, 490 U.S. 545, 560 (1989). The Court must also keep in mind that prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, "[a] defendant may be held liable *as a supervisor* under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (emphasis added).

The essence of the claim against Officer Childers is that, by his presence at Trace Hall's residence and his directive to hand over the keys, he acted as an "enforcer" of Melissa Gillespie's and Benjamin Thomas's alleged unlawful removal of property from Trace Hall's residence. As was explained in the discussion on standing, Wholesale Motors plainly had a property interest in the vehicles at issue even if, as asserted by Defendants, it was merely a lien-holder and not the actual owner of the vehicles. The

Complaint also alleges that the seizure of the vehicles occurred within one day after Dusty Thomas's death, at a time when neither Mr. Thomas nor Ms. Gillespie had been appointed as an authorized representatives of Dusty Thomas's estate. Further, while Wholesale Motors eventually recovered the vehicles, the condition of the vehicles allegedly had deteriorated and therefore their value as collateral had diminished. These factual allegations are sufficient to state a claim under the Fourteenth Amendment against Officer Childers, as well as against Sergeant Marshall, who allegedly spoke to Plaintiffs and confirmed that Officer Childers had been acting under his orders.

### 2. Claims Against Chief Haug, the Post Falls Police Department and the City of Post Falls

It is a separate consideration as to whether the Complaint states a claim against the Post Falls Police Department, Chief of Police Scot Haug, and the City of Post Falls. Municipal departments and sub-units, including police departments, are not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005). *See also, Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015) (holding that county sheriff's office, under Arizona law, is a "non-jural entity" and therefore not subject to suit). Therefore, the Post Falls Police Department is not a proper defendant.

However, under certain circumstances, a Plaintiff may bring a 1983 claim against a municipality such as a city or county government. Such a claim "must allege that the execution of an official policy or unofficial custom inflicted the injury of which the

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 13**

plaintiff complains.*" Monell v. Dep't. of Soc. Servs.* U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The elements of a § 1983 policy-based claim against a municipality are: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)). Where there is no identifiable written policy, evidence of any of the following can constitute an "official municipal policy" that supports a *Monell* claim: "decisions of a government's lawmakers, the acts of its policymaking officials, [or] practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). Ratification of an allegedly unconstitutional act can also serve to create *Monell* liability; however, the supervisors in question must exercise policy-making authority before such liability attaches. *See, Womack v. County of Amador,* 551 F.Supp.2d 1017 (declining to find *Monell* liability where supervisors in question did not exercise policy making authority).

Here, the Complaint fails to allege a cognizable *Monell* claim. There is no identification of a formal policy or informal custom that was a driving force behind the alleged violations. The allegation that Sergeant Marshall directed or ratified the actions of

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 14**

Officer Childers has no accompanying allegation that he exercised any policy-making authority with the police department or the City of Post Falls. The allegation that the City did not address Plaintiffs' complaint made after the seizure of the vehicles is also insufficient to create liability, because there is no allegation that the City had a widespread custom or practice of allowing its police officers to engage in the type of conduct alleged here, or of routinely failing to reprimand officers who were the subject of citizen complaints. *Cf. Peschel v. City of Missoula,* 686 F.Supp.2d 1107, 1125 (D. Montana 2009) (dismissing *Monell* claim where complaint alleged only a single, isolated instance of a city failing to reprimand its officers). The Complaint also completely lacks allegations to support a claim that the city failed to adequately train or supervise its officers. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011).

For all these reasons, the claims against Chief of Police Haug, the Post Falls Police Department, and the City of Post Falls should be dismissed, albeit with leave to amend as to the City and Chief Haug.

### 3. Fourth and Fifth Amendment Claims

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers and effects, as well as against unreasonable searches and seizures." Modern Fourth Amendment jurisprudence primarily has focused on privacy interests, but violations by state actors may still result from an unlawful "seizure" of property, constituting "some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County, Ill.,* 113 S.Ct. 538, 541 (1992).

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 15**

The Complaint makes no allegation of an unlawful arrest, detention, or an illegal search. Accordingly, the Fourth Amendment inquiry turns upon whether the interest of Wholesale Motors in the vehicles that were seized is the type of interest the Fourth Amendment was designed to protect. The Court concludes that there was no such protected Fourth Amendment interest on the facts of this case. At best, Plaintiffs had the hypothetical right to repossess the vehicles after Dusty Thomas's default, a right they had not yet acted upon. While such a right, and its underpinning security interest, plainly implicates *property* interests that are protected by the *Fourteenth* Amendment, the Court does not believe that a hypothetical right to repossess is the kind of interest that the Fourth Amendment was designed to protect. Where a security interest is at play, the only possible possessory interest involved would be the right to *re-possess* the vehicles, but that right does not include a corresponding right that the vehicles not be moved. Thus, it cannot be said here that the City Defendants interfered with Wholesale Motors' possessory interests in the vehicles.

The Fifth Amendment is also not implicated in this case, and Plaintiffs' claims premised upon that amendment cannot succeed. The Fifth Amendment's due process clause applies only to the federal government or its agents, not to the states. *Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiffs have not alleged that the property at issue was seized for some public purpose, such that the takings clause of the Fifth Amendment would apply, and have asserted no other right arising under the Fifth Amendment. For these reasons, the Fourth and Fifth Amendment claims should be

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 16**

dismissed, with an opportunity to amend as to the Fourth Amendment claim.[3]

F. **Motion for Alternate Service (Dkt. 4)**

Lastly, the Court addresses Plaintiffs' Motion for Alternate Service. The Court surmises that the reason Plaintiffs were not able to timely serve the City Defendants (despite their attempts to do so) originated in Defendants' own misapprehension as to whether Idaho's bond requirement applied to a civil rights lawsuit. Because the origin of this dispute may have been a mistaken assumption on the part of Defendants at the time service was attempted, the Court sees no reason to explore service by publication or any of the other alternatives suggested by Plaintiffs. If the District Court accepts the conclusions of this Report and Recommendation, a brief extension of the deadline for effecting formal service will be appropriate. Accordingly, Plaintiff's Motion for Alternate Service (Dkt. 4) is moot.

## REPORT AND RECOMMENDATION

1. Plaintiff's Motion for Alternate Service (Dkt. 4) is **MOOTED**. If the District Court enters and order adopting the conclusions of this Report and Recommendation, Plaintiff shall have **twenty-eight days from the date of**

---

[3] Though it strikes the Court as unlikely that Wholesale Motors would be able to assert that it had a possessory interest in the vehicles at issue, the dismissal of the Fourth Amendment claim should be with leave to amend. Even after *Iqbal,* the Ninth Circuit has held that dismissals without leave to amend are inappropriate unless it is beyond doubt that a complaint could not be saved by an amendment. *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009). If, for example, Wholesale Motors was the actual owner of any of the seized property as opposed to merely the holder of a security interest, such actual ownership interest would likely be sufficient to state a claim as to the possessory interest element of a Fourth Amendment claim.

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 17**

**said order to effect service of process.**

2. The undersigned recommends that Defendants' Motion to Dismiss (Dkt. 14) be **GRANTED IN PART AND DENIED IN PART,** consistent with the discussion above.

3. More specifically, Don Hall, Dana Hall, and Jim Keyes should be dismissed as Plaintiffs, due to lack of standing.

4. Defendants Scot Haug, the Post Falls Police Department, and the City of Post Falls should be dismissed as Defendants for failure to state a claim under Rule 12(b)(6), as should claims arising under the Fourth and Fifth Amendments. The dismissal of the claims against Defendants Scot Haug and the City of Post Falls, as well as the dismissal of the Fourth Amendment claim should be **with** leave to amend. The dismissal of the individual plaintiffs on standing grounds, as well as the dismissal of the Fifth Amendment claim and the claim against the Post Falls Police Department, should be **without** leave to amend.

4. **Plaintiff Wholesale Motors shall have twenty-one days from the date of this order during which to obtain counsel. If, upon the expiration of that time period, Plaintiff fails to enter an order of appearance by an attorney licensed to practice law in Idaho federal courts, such failure**

**shall be grounds for dismissal of the action with prejudice[4] and without further notice.**

5. All deadlines, including the deadline for filing objections to this Report and Recommendation, are hereby stayed during until the expiration of the above twenty-one day time period. The Court will reset the deadline for filing objections to this Report and Recommendation upon the appearance of counsel for Wholesale Motors.

**SO ORDERED.**



DATED: **February 6, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

---

[4] An action dismissed "with prejudice" means that the plaintiff is barred from bringing or re-filing a lawsuit on the same claim or cause.

**REPORT AND RECOMMENDATION AND ORDER STAYING CASE– 19**