UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DON HALL, DANA HALL, JIM KEYES, representing WHOLESALE MOTORS,<br><br>  Plaintiffs,<br><br>       v.<br><br>C. CHILDERS and DAVE MARSHALL, et al,<br><br>  Defendants. | Case No. 2:16-CV-00106-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

### INTRODUCTION

On February 6, 2017, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (Dkt. 20.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1)*; Local Civil Rule 72.1(b)*. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part,

ORDER ON REPORT AND RECOMMENDATION- 1

the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No objections were filed. The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen

ORDER ON REPORT AND RECOMMENDATION- 2

days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 20.) The Plaintiffs are individuals appearing *pro se* on behalf of Wholesale Motors. (Dkt. 1.) Plaintiffs raise § 1983 claims against the Defendants seeking damages of alleged violations of the Fourth, Fifth, and Fourteenth Amendments. (Dkt. 1.)

The Report concluded that the individual Plaintiffs lack standing but that Wholesale Motors does have standing. (Dkt. 20.) This Court agrees with the Report in this regard and will adopt the same. To the extent any of the claims are plead on behalf of the individual Plaintiffs, they are dismissed. The Motion to Dismiss is denied to the extent it is based upon a lack of standing by Wholesale Motors. This Court further adopts the Report's analysis, discussion, and conclusion regarding denial of the Motion to Dismiss based on improper service of process and/or failure to post a bond.

The Report also concluded that Wholesale Motors, as a corporation entity, could not properly proceed as a *pro se* litigant under Local Civil Rule 83.4(d). As such, the case was stayed for a period of twenty-one days during which time, Wholesale Motors was directed to file a notice of appearance of its counsel. The Report explicitly stated that failure to file such notice would be grounds for dismissal of the case without further notice. (Dkt. 20.) Wholesale Motors has failed to file any such notice and the time for doing so has passed. This Court is in agreement with the Report's legal analysis and application in this regard and concludes that, for the reasons stated in the Report and herein, the case should be dismissed with prejudice.

As to dismissal pursuant to Rule 12(b)(6), the Court finds the Report applied the proper law to the facts in concluding that the Complaint states a claim against Officers C. Childers and Dave Marshall but that the claims against Chief of Police R. Scot Haug and the municipal Defendants should be dismissed with leave to amend. (Dkt. 20.) For the reasons stated in the Report, which this Court adopts, the Motion to Dismiss is granted as to Chief Haug and the municipal Defendants on this basis as well. In light of the Court's ruling above dismissing the case entirely on separate grounds, however, no leave to amend is granted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 6, 2016 (Dkt. 20) is **ADOPTED IN ITS ENTIRETY** and the case is **DISMISSED WITH PREJUDICE**.

DATED: March 6, 2017

Edward J. Lodge
United States District Judge